IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14–CR-30093-NJR |
| | ) |
| | ) |
| BRADLEY DAVID KARTMAN, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is the Government's Motion for Order Regarding Restitution and Victim Issues (Doc. 47). Having considered the Motion, and for good cause shown, the Court finds that it is impracticable for the Government and the Probation Office to prepare a complete accounting of the individual losses sustained by each of several thousand victims. Accordingly, the Court grants the Motion

Pursuant to Title 18, United States Code, Sections 3771(d)(2), 3663A(c)(3), and 3664(a) & (d)(1) & (2), and in light of the fact that a complete accounting is impracticable, no further resources of the Government need be expended in an attempt to develop an accounting from the records obtained by the Government. In the context of this case, best efforts to accord victims their rights have been made, as contemplated by Title 18, United States Code, Section 3771(c).

Furthermore, pursuant to Title 18, United States Code, Section 3663A and 3664(a) & (d)(1) & (2), restitution impracticable because the number of potential victims in this

case is so large. The burden on the sentencing process, which includes a requirement that the Probation Office verify restitution amounts, outweighs the need to develop a complete accounting of victim losses in a restitution order. For all of these reasons, the Court **GRANTS** the Government's Motion for Order Regarding Restitution and Victim Issues (Doc. 47).

     **IT IS SO ORDERED.**

     DATED:  July 31, 2015

                                          s/ Nancy J. Rosenstengel
                                          **NANCY J. ROSENSTENGEL**
                                          **United States District Judge**